IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01702-PAB-MEH

LARRY L. BARNES,

     Plaintiff,

v.

OMNICELL,

     Defendant.

---

## ORDER

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 57]. Plaintiff Larry Barnes filed an objection [Docket No. 59]. Defendant Omnicell responded [Docket No. 66], and Mr. Barnes did not reply. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

Mr. Barnes initiated this action against Omnicell on June 22, 2021. Docket No. 1. He alleges that, while working for Omnicell, he was "on duty 24 hours per day, 7 days per week," but was not paid for all the time that he worked in violation of federal and Colorado law. *Id.* at 4-5; Docket No. 43 at 9-14. Mr. Barnes moved for summary judgment on December 14, 2022. Docket No. 43. Omnicell moved for summary judgment on December 30, 2022. Docket No. 45. On February 22, 2023, Magistrate Judge Michael E. Hegarty entered a recommendation that Omnicell's motion be granted and Mr. Barnes' motion be denied. Docket No. 57 at 18. Mr. Barnes filed an objection

to this recommendation on March 8, 2023, Docket No. 59, and Omnicell responded. Docket No. 66.

The undisputed facts are set forth in Judge Hegarty's recommendation. Docket No. 57 at 3-8. Mr. Barnes has objected to a number of these undisputed facts.[1] Docket No. 59 at 5-8. However, as will be discussed below, the Court will overrule Mr. Barnes' objections to the undisputed facts. Therefore, the Court adopts the undisputed facts as set forth in the recommendation for the purpose of ruling on the objections.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *Gordanier v. Montezuma Water Co.*, No. 08-cv-01849-PAB-MJW, 2010 WL 935665, at *1 (D. Colo. Mar. 11, 2010) ("Timely objections to magistrate judge recommendations are reviewed de novo pursuant to Rule 72(b), rather than under the clearly erroneous/contrary to law standard applied to magistrate judge orders by Rule 72(a)."). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.*

---

[1] Judge Hegarty listed the undisputed facts set forth in Omnicell's motion for summary judgment separately from the undisputed facts set forth in Mr. Barnes' motion for summary judgment. Docket No. 57 at 3-8. Mr. Barnes objected to facts enumerated in both sections. Docket No. 59 at 5-8. Of the undisputed facts drawn from Omnicell's motion, Mr. Barnes objected to facts 9, 19, 23, 24, 25, and 26. *Id.* at 5-7. Mr. Barnes labeled one of his objections as an objection to fact 6, but the content of the objection indicates that his objection is to fact 9. *Id.* at 5-6. Of the undisputed facts drawn from Mr. Barnes' motion, Mr. Barnes objected to findings 3, 4, 5, 6, and 8. *Id.* at 8.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because Mr. Barnes is proceeding *pro se*, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). There is no dispute that Judge Hegarty's recommendation to grant Omnicell's motion for summary judgment is dispositive. The Court, therefore, reviews the recommendation de novo. *See Gordanier*, 2010 WL 935665, at *1. The Court will evaluate Mr. Barnes' arguments to the extent that they are responsive to the recommendation and sufficiently developed for the Court to understand them.

## III.  ANALYSIS

Mr. Barnes objects to Judge Hegarty's recommendation on multiple grounds. *See generally* Docket No. 59. The Court will address each objection separately.

### A.  Plaintiff's Exhibits

Judge Hegarty recommends that the Court not consider some of the exhibits that Mr. Barnes filed because Mr. Barnes failed to authenticate them. Docket No. 57 at 2-3.

Omnicell filed two evidentiary objections to numerous exhibits that Mr. Barnes attached to his motion for summary judgment and response to Omnicell's motion for summary judgment.[2]  Docket Nos. 49, 56.  Omnicell objected to the exhibits on the basis that they were not authenticated and were therefore inadmissible for summary judgment purposes.  *See* Docket Nos. 49, 56.

Judge Hegarty's recommendation notes that courts may only consider admissible evidence when ruling on a summary judgment motion and concludes that the exhibits in question do not meet the standard of authenticity required by Federal Rule of Evidence 901.  Docket No. 57 at 2-3 (citations omitted).  "To satisfy the requirement of authenticity," Rule 901 requires the proponent of evidence to "produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).  Mr. Barnes appears to have attempted to authenticate the exhibits attached to his response to Omnicell's motion for summary judgment by including on the last page of each exhibit the statement "I declare under penalty of perjury that the foregoing is true and correct," and his signature.  *See, e.g.,* Docket No. 52-1, at 3. However, Judge Hegarty found that this statement was not sufficient to satisfy Rule 901 and render Mr. Barnes' exhibits admissible for summary judgment purposes.  Docket No. 57 at 3.  Judge Hegarty noted that, although Mr. Barnes "declares that the statements [in the exhibits] are correct," he did not accompany the exhibits with an

---

[2] Omnicell filed two objections to a number of exhibits that Mr. Barnes attached to his motion for summary judgment and his response to Omnicell's motion for summary judgment.  Docket Nos. 49, 56.  These motions objected to the following exhibits: Docket Nos. 43-1 through 43-7, 43-9 through 43-13, 43-15, 43-16, 43-19, 52-1 through 52-26, 51-29 through 52-34, and 52-62.  Docket No. 49 at 1-2, ¶ 3; Docket No. 56 at 1-2, ¶¶ 3-4.

affidavit authenticating them.  *Id.*  Furthermore, Judge Hegarty observed that "some documents appear to be altered, some appear to be cut and pasted from other versions," and stated that he takes "defense counsel at her word that not all [objected-to exhibits] were produced to Defendant in the form presented."  *Id.*

Mr. Barnes objects to this finding on several grounds.  First, he claims that his "declaration authenticates the exhibits" on the basis that Federal Rule of Civil Procedure 56[3] "allows a declaration to be used to support or oppose a motion and set out facts that that would be admissible in evidence."  Docket No. 59 at 1, ¶ 1.  However, Rule 56 does not govern the authentication of evidence.  Rather, the part of the rule that Mr. Barnes appears to reference lists the types of evidence that may be used to support assertions of fact in motions supporting or opposing summary judgment.  *See* Fed. R. Civ. P. 56(c)(1).  The rule that governs authentication of documents is Federal Rule of Evidence 901.  Thus, Mr. Barnes' argument about Rule 56 is not responsive to Judge Hegarty's finding that the exhibits are inadmissible under Rule 901.

Second, Mr. Barnes argues that his highlighting of portions of the objected-to exhibits complies with the Court's practice standards.  Docket No. 59 at 1, ¶ 2; *see* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § III.F.3.b.ii (parties may use highlighting to indicate the portion of an exhibit referenced by a Rule 56 motion).  The recommendation observes that some of Mr. Barnes' exhibits "have commentary or highlighting not present in the original documents," though it is not clear

---

[3] Mr. Barnes references Federal Rule of Civil Procedure 56.1,  Docket No. 59 at 1, ¶¶ 1, 3, but such a rule does not exist.  The Court assumes that Mr. Barnes intended to reference Federal Rule of Civil Procedure 56, which governs the type of evidence that may be used to support motions for summary judgment.

whether Judge Hegarty considered the addition of highlighting to be an indicator of inauthenticity.  Docket No. 57 at 2.  The Court finds that the highlighting in Mr. Barnes' exhibits comports with the Court's practice standards and is therefore not an indicator of inauthenticity.  However, because Judge Hegarty found that the exhibits were inadmissible for reasons other than the highlighting, Mr. Barnes' objection that his highlighting comports with the Court's practice standards does not render Judge Hegarty's finding that Mr. Barnes' exhibits were inadmissible erroneous.

Third, Mr. Barnes objects to Judge Hegarty's finding that the exhibits should be excluded because Mr. Barnes claims that Rule 56[4] "does not require evidence be in admissible form when supporting a summary judgment [sic], only requiring that it could be submitted in admissible form."  Docket No. 59 at 1, ¶ 3.  Mr. Barnes appears to argue that the exhibits should not have been excluded unless the facts they purport to contain could never be submitted in admissible form.  *Id.*  Mr. Barnes' interpretation of Rule 56 is not supported by Tenth Circuit precedent.  Rather, a "court may not consider all proffered evidence when ruling on a summary judgment motion; only admissible evidence may enter the analysis."  *Bullock v. Wayne,* 623 F. Supp. 2d 1247, 1252 (D. Colo. 2009); *see also Law Co., Inc. v. Mohawk Const. and Supply Co., Inc.*, 577 F.3d 1164, 1170 (10th Cir. 2009) (holding that courts must determine whether documents offered in opposition to a summary judgment motion have been authenticated in accordance with Rule 901 because, "[w]hile the party opposing summary judgment

---

[4] Mr. Barnes again references Rule 56.1.  Docket No. 59 at 1, ¶ 3.  Although there is a Local Rule 56.1, that rule does not govern the types of evidence that may be submitted in support of a motion for summary judgment.  *See* D.C.COLO.LCivR 56.1.  Accordingly the Court will address this argument as it applies to Rule 56.

need not produce evidence in a form that would be admissible at trial, the content or substance of the evidence must be admissible.") (citation omitted).  Accordingly, Judge Hegarty did not violate Rule 56 by excluding inadmissible evidence for consideration.

Fourth, Mr. Barnes argues that the use of screenshots in exhibits complies with Local Rule 56.1, which requires parties to limit exhibits to essential portions of documents rather than submit voluminous exhibits.  Docket No. 59 at 2, ¶ 4 (citing D.C.COLO.LCivR 56.1(c)).  This appears to be an objection to Judge Hegarty's finding that some of Mr. Barnes' exhibits "appear to be cut and pasted from other versions," which contributed to Judge Hegarty's conclusion that Mr. Barnes' exhibits were inadmissible under Rule 901.  Docket No. 57 at 3.  This objection is not responsive to Judge Hegarty's recommendation since the question of whether Mr. Barnes' screenshots complied with the practice standards is unrelated to whether his use of cut and paste exhibits adversely affected the exhibits' authenticity.

Finally, Mr. Barnes objects to Judge Hegarty's decision to "take defense counsel at her word that not all [documents] were produced to Defendant in the form submitted." Docket No. 59 at 2, ¶ 5.  Mr. Barnes argues that Omnicell is in possession of original documents that could be compared with his exhibits, that some excel spreadsheets were unreadable when converted to PDF form, and that some exhibits were signed by Omnicell management and supplied by Omnicell during the initial disclosures.  *Id.* However, Mr. Barnes does not identify which exhibits these arguments apply to. Accordingly, the Court will not consider this objection because it lacks specificity.  *See One Parcel*, 73 F.3d at 1059 (holding that an objection is proper if it is both timely and specific).

Furthermore, the Court is under no obligation to read through Mr. Barnes' voluminous exhibits or to compare them to other documents to ascertain their authenticity and applicability to Mr. Barnes' motion for summary judgment. *See Certain Underwriters at Lloyd's London v. Garmin Int'l, Inc.*, 781 F.3d 1226, 1231 (10th Cir. 2015) (holding that the district court did not abuse its discretion by "refusing to sift through the voluminous exhibits in order to match the assertions in [defendant-appellant's] motion to his supporting documentation"); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). A party must cite evidence from exhibits in the manner mandated by the rules of the Court for that evidence to be considered. *Id.*; *see* D.C.COLO.LCivR 56.1(c); Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § III.F.3.b.

The Court will overrule Mr. Barnes' objections to Judge Hegarty's finding that the objected-to exhibits are inadmissible because they do not satisfy Rule 901.

**B.  Affidavit of Joe Coyne**

Mr. Barnes appears to object to Judge Hegarty's incorporation of facts derived from the affidavit of Joe Coyne into his recommendation. Docket No. 59 at 2-5. Mr. Barnes alleges that he "has already stated in a previous reply that the [sic] Joe Coyne's Affidavit is so full of lies there were not enough pages allowed to refute them all" and that "Judge Hegarty continues to 'cut and paste' the lies into his recommendation." *Id.* at 2. Mr. Barnes identifies nine statements from Mr. Coyne's affidavit that he claims are untrue. *Id.* at 2- 5, ¶¶ 7-16.

Mr. Barnes' objection fails on two grounds. First, although Mr. Barnes claims that Judge Hegarty incorporated "lies" into his recommendation, Mr. Barnes fails to identify

the parts of the recommendation that contain the alleged lies.  Accordingly, Mr. Barnes'

objection lacks specificity.  *See One Parcel*, 73 F.3d at 1059.  Second, Mr. Barnes

appears to object to the affidavit, not the recommendation.  He states explicitly that he

seeks to "address some of the lies from Joe Coyne's Affidavit."  Docket No. 59 at 2.  In

addition, each numbered paragraph in this section of the objection corresponds to a

numbered paragraph of the affidavit and purports to refute statements in that portion of

the affidavit.  *Id.* at 2-5, ¶¶ 7-16.  Accordingly, this objection is responsive to the

affidavit, not to the recommendation.  Therefore, the Court will overrule Mr. Barnes'

objection to the inclusion of facts from Mr. Coyne's affidavit.[5]

### C.  Defendant's Facts

Mr. Barnes objects to six of the facts that Judge Hegarty identified as undisputed.

Docket No. 59 at 5-7, ¶¶ 6-26.

> ### 1.  Objection to fact 9:[6] Pursuant to the contracts Omnicell had with hospitals and other healthcare providers, a TSE was required to make initial telephone contact with a hospital or healthcare provider within one hour of the service-request call.

Mr. Barnes objects to this undisputed fact on the basis that "Omnicell's contracts

with customers required immediate response times."  *Id.* at 6, ¶ 6.  In his response to

Omnicell's motion for summary judgment, Mr. Barnes similarly objected to this fact.

Docket No. 52 at 2, ¶ 9.  Judge Hegarty acknowledged that Mr. Barnes' response brief

---

[5] Even if Mr. Barnes' objection that the affidavit is untruthful was sufficiently specific and responsive to be considered, the Court would still overrule it because Mr. Barnes has failed to address any of the factors that courts in the Tenth Circuit consider when determining whether an affidavit should not be considered because it is an attempt to raise sham facts to evade summary judgment.  *See Ralston v. Smith & Nephew Richards, Inc.,* 275 F.3d 965, 973 (10th Cir. 2001).

[6] Mr. Barnes labels this fact as 6, but he appears to be objecting to fact 9. *Compare* Docket No. 59 at 5-7, ¶ 6 *with* Docket No. 57 at 4, ¶ 9.

cites Exhibit 14, entitled "2017 Service Support Plans," which lists a call back response time as 30 minutes between 6 a.m. and 6 p.m., Monday through Friday.  Docket No. 57 at 4, ¶ 9 n.2. (citing Docket No. 52-14 at 3).  However, Judge Hegarty did not consider this exhibit because it had not been authenticated and he was unable to discern whether it was in effect during the time period relevant to Mr. Barnes' claims.  *Id.* Furthermore, Judge Hegarty noted that Mr. Barnes stated in his deposition that he had one hour to respond to notifications.  *Id.* (citing Docket No. 45-1 at 9-10, 32:23-33:1).

Mr. Barnes objects to Judge Hegarty's decision not to consider Exhibit 14, arguing that the document "was authenticated by plaintiff under oath through deposition testimony as well as authenticated by a signed and dated declaration under penalty of perjury."  Docket No. 59 at 6-7, ¶ 6.  As discussed above, Mr. Barnes' addition of a signed statement of authenticity on the last page of an exhibit does not authenticate that exhibit under Rule 901.  Furthermore, although deposition testimony is one method of authenticating a document, *see* Fed. R. Evid. 901(b)(1), Mr. Barnes does not identify any testimony that would serve to authenticate Exhibit 14.  Docket No. 59 at 6-7, ¶ 6. Accordingly, his objection that Exhibit 14 was authenticated is unsupported and will be overruled.

Mr. Barnes also appears to object to Judge Hegarty's finding based on his deposition testimony about how long he was able to wait before responding to a "dispatch."  *Id.* at 6 (quoting Docket No. 45-1 at 62, 242:13-243:3, 243:15-21). However, Mr. Barnes did not raise this argument when objecting to this fact in his response to Omnicell's motion for summary judgment, and the argument is therefore waived.  *See Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for

the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also Maurer v. Idaho Dep't of Corr.,* 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished).

Mr. Barnes' objections to this undisputed fact will be overruled.

> ***2. Objection to fact 19: Plaintiff was generally "on-call," and did not have regular working hours. That meant he was free to spend his time as he wished each day between responding to service tickets. Many days each month he had no service ticket requests at all, so he had entire days where he would have few to no work responsibilities.***

Mr. Barnes objects to this undisputed fact on the basis that he "was not free to spend time as he wished."  Docket No. 59 at 7, ¶ 19.  Mr. Barnes raised this objection in his response to Omnicell's motion for summary judgment.  Docket No. 52 at 4-5, ¶ 19. Despite Mr. Barnes' response, Judge Hegarty found that this fact was undisputed. Docket No. 57 at 6, ¶ 19.  The Court finds that the citations to the record in Mr. Barnes' response to Omnicell's motion for summary judgment concerning this fact do not support his claim that he was not free to spend his time as he wished during the days between responding to service tickets.  Docket No. 52 at 4-5, ¶ 19.  Any denial of an opposing party's asserted fact in a motion for summary judgment must be accompanied with a "**specific reference** to material in the record supporting the denial,"  Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § III.F.3.b.iv.  Because Mr. Barnes fails to properly support his denial of this fact, this objection will be overruled.

> ***3.  Objection to fact 23: Plaintiff was able to use his time as he wished during his on-call shifts, provided he could respond to mobile telephone calls within one hour of notification.***

Mr. Barnes objects to this undisputed fact on the basis that he "was unable to use his time as he wished during his on-call shifts because he was required to respond

immediately."  Docket No. 59 at 7, ¶ 23.  He also objected to this fact in his response to
Omnicell's motion for summary judgment.  Docket No. 52 at 5-6, ¶ 23.  However, Mr.
Barnes did not include a specific reference to material in the record to support his denial
of this fact.  *Id.*  Judge Hegarty found that this fact was undisputed and was supported
by Mr. Barnes' deposition testimony.  Docket No. 57 at 6, ¶ 23 n.3.  Mr. Barnes also fails
to cite evidence in the record to support his objection to this undisputed fact.  His
objection will be overruled.

### 4.  Objection to fact 24: Plaintiff typically went to bed at 8:30 or 9:00 p.m. and would get up around 8:00 a.m.

Mr. Barnes did not object to this undisputed fact in his response to Omnicell's
motion for summary judgment.  Docket No. 52 at 6, ¶ 24.  His objection to this
undisputed fact is therefore waived and will be overruled.  *See Chater*, 75 F.3d at 1426.

### 5.  Objection to fact 25: He slept with his mobile telephone next to him at night, but received very few service requests overnight.

Mr. Barnes objects to this undisputed fact by stating that he was "awoken on
average six times every night by work notifications that could not be ignored" and that
he had difficulty going back to sleep after he was awakened.  Docket No. 59 at 7, ¶ 25.
Mr. Barnes objected in part to this fact in his response to Omnicell's motion for summary
judgment, claiming that he "slept with his mobile telephone with him at night" and citing
to his deposition and the deposition of Mr. Coyne.[7]  Docket No. 52 at 6-7, ¶ 25.  Mr.
Barnes' response to Omnicell's motion for summary judgment makes no mention of
being awoken at night or having any resulting sleep difficulties.  *Id.*  Judge Hegarty

---

[7] Mr. Barnes also cited to numerous inadmissible exhibits.  Docket No. 52 at 6-7,
¶ 35.

found fact 25 based the portions of Mr. Barnes' deposition Omnicell cited in its motion for summary judgment in which Mr. Barnes stated that he did not receive many emails at night and that he would typically receive six notifications at night, but would not respond to each one.  Docket No. 57 at 7, ¶ 25 n.4; *see* Docket No. 45 at 4, ¶ 25. Because Mr. Barnes' objection to Judge Hegarty's recommendation raises the issue of being awoken at night and resulting sleep difficulties for the first time, his objection to this undisputed fact is waived and will be overruled.  *See Chater*, 75 F.3d at 1426.

### 6.  Objection to fact 26: Plaintiff was also entitled to vacation time each year and regularly took three or more weeks of vacation per year.

Mr. Barnes objects that, in this undisputed fact, Judge Hegarty "conflates Vacation, Sick Days[,] and Holidays off in footnote 5" because he "mentions the word vacation in the first part of the sentence, then states numbers of days of time off which included vacation, sick days[,] and holidays."  Docket No. 59 at 7, ¶ 26.  The footnote Mr. Barnes refers to states, "[w]hile not every vacation request was approved, there is no dispute that Plaintiff took twenty-six days of time off in 2018, twenty-three days in 2019, twenty-two days in 2020, and twenty-five days in the 2021 through August 2021." Docket No. 57 at 7, ¶ 26 n.5 (citing Docket No. 45-1 at 43-44, 168:19-170:14).  Judge Hegarty's use of the descriptor "days of time off" in the footnote does not conflate vacation, sick days, and holidays simply because it appears in the same sentence as his statement concerning vacation requests.  Moreover, it is unclear why such a conflation calls into question the basis for the undisputed fact in paragraph 26 of the recommendation.

Mr. Barnes appears to argue that other Omnicell employees received more days off in 2020 than he did.  Docket No. 59 at 7, ¶ 26.  Mr. Barnes also states that, some of the days that he took off, he actually worked.  *Id.*  However, Mr. Barnes did not make these arguments in his response to Omnicell's motion for summary judgment.  *See* Docket No. 52 at 7, ¶ 26.  His objections on these grounds are therefore waived.  *See Chater*, 75 F.3d at 1426.

The Court will overrule Mr. Barnes' objections to this undisputed fact.

### D.  Plaintiff's Facts

Mr. Barnes objects to five of the facts that Judge Hegarty identified as undisputed drawn from Mr. Barnes' motion for summary judgment.  Docket No. 59 at 8, ¶¶ 3-8.

> ***1.  Objection to fact 3: Monitoring emails while on call, outside of regular business hours, to the extent those emails accompany a service ticket and provide additional response information or context, was mandatory; plaintiff was not required to otherwise monitor emails while on call outside of regular business hours.***

Mr. Barnes objects to this undisputed fact, claiming that he "was required to monitor all emails while on call outside of regular business hours."  *Id.*, ¶ 3.  Mr. Barnes purports to support this statement with testimony from his deposition,[8] but the testimony he cites concerns the required response time for dispatch notices, not whether he was required to monitor emails other than those accompanying a service ticket outside of regular business hours.  *Id.* (citing Docket No. 45-1 at 62, 242:13-243:3, 243:15-21).

---

[8] Mr. Barnes cites Docket Nos. 52-21, 52-22, 52-23, 52-24, 52-25, and 52-26, which are exhibits to his response to Omnicell's motion for summary judgment.  Docket No. 59 at 8, ¶ 3.  However, these exhibits are inadmissible because they have not been authenticated, and therefore cannot be considered for purposes of ruling on a motion for summary judgment.

Therefore, his objection to Judge Hegarty's finding of undisputed fact is unsupported and the Court will overrule it.

### 2.  Objection to fact 4: Likewise, monitoring texts while on call, outside of regular business hours, to the extent those texts dispatched service tickets, was mandatory; plaintiff was not required to otherwise monitor texts while on call outside of regular business hours.

Mr. Barnes objects to this undisputed fact, stating that he "was required to monitor all texts at all times." *Id.*, ¶ 4.  He purports to support this argument by citing several exhibits to his response to Omnicell's motion for summary judgment, which he claims are "examples of important texts." *Id.*  However, the exhibits he cites are inadmissible because they have not been authenticated, and therefore cannot be considered for purposes of ruling on a motion for summary judgment.  Moreover, even if they were authenticated, screenshots of text messages from Omnicell customers outside of regular business hours do not contradict Judge Hegarty's finding that Omnicell did not require Mr. Barnes to monitor texts other than those that dispatched service tickets outside of regular business hours.  The Court will overrule Mr. Barnes' objection to this finding of undisputed fact.

### 3.  Objection to fact 5: On occasion, plaintiff was contacted on a day off with service ticket requests, but when that happened, he was paid for the entire day off (even though he would not be working the entire day) and given another day off in lieu of the interrupted day off.

Mr. Barnes objects to this undisputed fact, claiming that he was "not paid for the entire day off" and "was also not given another day off," and arguing that Omnicell "has not proven otherwise." *Id.*, ¶ 5.  However, Mr. Barnes offers no citations to the record to support these assertions.  Moreover, although Mr. Barnes stated in his motion for

15

summary judgment that he was contacted to work on his day off,  Docket No. 43 at 4, ¶ 12, Mr. Barnes did not allege he was not paid for the entire day off and not given another day off in lieu of the interrupted day off in that motion, his reply in support of that motion, or his response to Omnicell's motion for summary judgment.  *See generally* Docket Nos. 43, 52, 53.  Mr. Barnes has therefore waived this argument, and the Court will overrule his objection to this finding of undisputed fact.  *See Chater*, 75 F.3d at 1426.

> **4. Objection to fact 6: Plaintiff was required to monitor telephone notifications when he was on call so that he would be made aware of any urgent service requests; however, plaintiff had very few service calls overall, let alone after hours.**

Mr. Barnes appears to object to the undisputed fact that he had very few service calls after hours, claiming that he "was awakened an average of 6 times every night." Docket No. 59 at 8, ¶ 6.  However, Mr. Barnes made no mention of this allegation in his motion for summary judgment, reply in support of his motion for summary judgment, or response to Omnicell's motion for summary judgment.  *See generally* Docket Nos. 43, 52, 53.  He has therefore waived this argument, and the Court will overrule his objection to this finding of undisputed fact.  *See Chater*, 75 F.3d at 1426.

> **5.  Objection to fact 8: Plaintiff's on-call duties involved responding to service ticket requests, and these duties did not change regardless of whether he was on call during regular business hours or after regular business hours.  Plaintiff only had to monitor for service ticket requests outside of regular business hours.  He was not required to monitor routine, non-urgent communications, nor respond to them.**

Mr. Barnes objects to this undisputed fact on the basis that "[a]ll communication had to be monitored and checked to determine if any were urgent."  Docket No. 59 at 8, ¶ 8.  In his reply in support of his motion for summary judgment, Mr. Barnes stated that

he "had no way to determine which email notifications were important without reading the email,"  and that "[t]he phone needed to be answered to know if the call was important."  Docket No. 53 at 1-2, ¶¶ 4, 7.  However, he does not support these assertions with admissible evidence from the record.[9]  Mr. Barnes also fails to include any citations supporting his position in his objection to Judge Hegarty's recommendation.  Docket No. 59 at 8, ¶ 8.  The Court will therefore overrule this objection.

Accordingly, the Court will overrule Mr. Barnes' objections to Judge Hegarty's findings of undisputed fact derived from Mr. Barnes' motion for summary judgment.

**E.  Legal Standards**

In a section called "Legal Standards," Mr. Barnes makes four objections to various aspects of Judge Hegarty's recommendation and procedural decisions.  Docket No. 59 at 8-9.  First, Mr. Barnes appears to object to Judge Hegarty's application of caselaw, arguing that "[t]he case law [sic] cited by Defense and the Court should only be used for contrasting the many differences between this case and the cited cases."  *Id.* at 8.  This objection is insufficiently developed for the Court to understand what proposition it is advancing and, moreover, Mr. Barnes cites no supporting authority.

---

[9] Mr. Barnes purports to support his statement about determining the importance of email notifications with a citation to Mr. Coyne's affidavit.  Docket No. 53 at 1-2, ¶ 4.  However, the cited paragraph states "TSEs were told that if they were already monitoring their emails, they should make an effort to respond to other TSE questions from requests around Omnicell, but it was never a requirement that they monitor or respond to non-dispatch internal or external emails overnight."  Docket No. 45-3 at 4, ¶ 13.  This deposition testimony has no bearing on Mr. Barnes' assertion that he had to read emails to determine their importance.  Mr. Barnes also purports to support the assertion by citing Docket Nos. 52-21, 52-22, 52-23, 52-24, 52-25, and 52-36.  Docket No. 53 at 2, ¶ 4.  However, these documents are inadmissible because they have not been authenticated, and therefore may not be considered by the Court.

Second, Mr. Barnes appears to object that Omnicell's reply, Docket No. 55, was not stricken from the record even though portions of it were not double-spaced and thus violated the local rules.  Docket No. 59 at 8-9; *see* D.C.COLO.LCivR 10.1(e).  However, Judge Hegarty's recommendation does not cite Omnicell's reply, and Mr. Barnes does not identify any error in the recommendation that can be traced to improperly considering the reply.

Third, Mr. Barnes claims that "Judge Hegarty allowed the Defense to make up a rule that does not exist and use this rule to object to Plaintiff's exhibits."  Docket No. 59 at 9.  Mr. Barnes does not identify the rule he claims is made up.  However, to the extent that he is referring to Omnicell's objections to his exhibits on the basis that they are insufficiently identified, as described above, those objections hinge on Federal Rule of Evidence 901.

Fourth, Mr. Barnes objects to Judge Hegarty's decision to grant "a motion to vacate the scheduling order including pretrial deadlines."  *Id.*  This objection is unrelated to Judge Hegarty's recommendation and is therefore rejected.  Accordingly, the Court will overrule all four objections that Mr. Barnes raises in his "Legal Standards" section.

### F.  *Nitzkorski* Factors

Mr. Barnes' claims against Omnicell are based on his assertion that he "was on duty 24 hours per day, 7 days per week," but was not compensated for the overtime that he worked.  Docket No. 1 at 4-5.  The Tenth Circuit has held that employees "'should not be compensated for being on call' when they are free to leave their employer's premises and to pursue personal activities."  *Boehm v. Kansas City Power and Light Co.*, 868 F.2d 1182, 1184 (10th Cir. 1989) (quoting *Norton v. Worthen Van Service, Inc.,*

839 F.2d 653, 654 (10th Cir. 1988)).  To determine whether Mr. Barnes should have

been compensated for his time on call, Judge Hegarty evaluated the undisputed facts

presented in the motions for summary judgment using a seven-factor framework

established by *Nitzkorski v. Columbine Emergency Medical Servs., Inc.,* 445 F. Supp.

3d 1181 (D. Colo. 2020).[10]  Docket No. 57 at 12-17.  Mr. Barnes appears to object to

Judge Hegarty's application of six of the factors.

### 1. Whether there was an on-premises living requirement

Mr. Barnes does not appear to object to Judge Hegarty's conclusion that

Omnicell did not require him to live onsite.  Docket No. 59 at 9.

### 2.  Whether there were excessive geographical restrictions on employee's movements.

To analyze this factor, Judge Hegarty considered the following undisputed facts

related to Mr. Barnes' movements: (1) Mr. Barnes was required to live within one hour

of downtown Denver; (2) he had to be within mobile telephone range; (3) he had to

report within six hours of an urgent request, if possible; and (4) Mr. Barnes claims that

he had to sacrifice certain outdoor activities, but was never given a bad review or

disciplines for pursuing them.  Docket No. 57 at 12-13.  Mr. Barnes' objection states that

he was required to remain near his home where he kept spare parts and tools, which

the Court interprets as an objection to Judge Hegarty's failure to include this fact in his

analysis.  Docket No. 59 at 9.  Mr. Barnes references this alleged requirement in his

response to Omnicell's motion for summary judgment, Docket No. 52 at 9, and in his

---

[10] Judge Hegarty also considered United States Department of Labor regulations. Docket No. 57 at 16.  However, Mr. Barnes does not object to Judge Hegarty's conclusions with respect to these regulations.

reply in support of his own motion for summary judgment.  Docket No. 53 at 9, ¶ 24.

However, Mr. Barnes does not support this factual allegation with any reference to the

record in his response, reply, or objection.  *See* Fed. R. Civ. P. 56(c)(1) (parties

asserting facts at summary judgment must support the assertion by citing to evidence in

the record).  Accordingly, Mr. Barnes' objection to the exclusion of this factual allegation

will be overruled.

### 3. Whether the frequency of calls was unduly restrictive

Judge Hegarty's recommendation analyzes the frequency of service calls and

text messages based on the record evidence.  Docket No. 57 at 13-14.  Judge Hegarty

compares the frequency of calls that Mr. Barnes received to the frequency of calls that

the Tenth Circuit has found unduly restrictive, ultimately concluding that the frequency

of calls that Mr. Barnes was required to respond to was not unduly restrictive.  *Id.* at 16-

17.

With respect to this factor, Mr. Barnes objects to Judge Hegarty's reliance on

undisputed facts drawn from Mr. Coyne's affidavit, reiterating his belief that the affidavit

is incorrect, misleading, and incomplete.  Docket No. 59 at 9-10.  As detailed above, the

Court will overrule Mr. Barnes' general objection to the inclusion of undisputed facts

derived from Mr. Coyne's affidavit.  Specifically, Mr. Barnes appears to argue that the

data that Judge Hegarty relied on to analyze the frequency of text messages and

service calls was inaccurate because "[e]mail notifications were ignored entirely."  *Id.* at

10.  However, even if a court were required to consider the frequency of emails, Mr.

Barnes cites no evidence to support his assertion that "[w]ork emails and text messages

averaged more than fifteen every 24 hour period from July 2018 through June 2021."[11] *Id.* Accordingly, the Court will overrule Mr. Barnes' objection to Judge Hegarty's analysis of this factor.

### 4. Whether a fixed time limit for a response was unduly restrictive

Judge Hegarty found that the fixed time limit for a response was not unduly restrictive, stating that Mr. Barnes was required to initially respond to a service request within an hour and had up to six hours to report to urgent calls, that response time was negotiable with clients, that he received no service tickets on at least half of the days each month, and that he was never disciplined for failing to meet the response time requirement. Docket No. 57 at 14, 17. Mr. Barnes appears to object to Judge Hegarty's conclusion that Mr. Barnes was required to initially respond to a service request within an hour, instead arguing that he was "required to respond immediately after receiving a service request to be able to meet contractual service requirements." Docket No. 59 at 11. However, Mr. Barnes' only citation to admissible evidence,[12] a portion of the Omnicell "Field Service Playbook" stating that an essential function of a technical service engineer is to "[m]eet company guidelines for response time and service levels," does not contradict Judge Hegarty's finding that it was undisputed that Mr. Barnes was required to respond to service requests within an hour. *Id.* (citing Docket No. 52-49 at

---

[11] Mr. Barnes makes this assertion in his motion for summary judgment, Docket No. 43 at 8, ¶ 26, and his response to Omnicell's motion for summary judgment, Docket No. 52 at 9, but he does not cite to evidence in the record in either of those instances.

[12] Mr. Barnes appears to cite to Docket Nos. 52-14, 52-50, 52-51, and 50-52. However, these documents have not been properly authenticated and are therefore inadmissible under Federal Rule of Evidence 901.

15).  Accordingly, the Court will overrule Mr. Barnes' objection to Judge Hegarty's analysis of this factor.

### 5. Whether the on-call employee could easily trade on-call responsibilities.

When analyzing this factor, Judge Hegarty recognized that Mr. Barnes "was generally the only Omnicell employee in his region," but also took into consideration Mr. Barnes' ability to rely on help from third-party representatives and the fact that Mr. Barnes took at least three weeks off in 2018, 2019, and 2020.  Docket No. 57 at 14-15.  Mr. Barnes' objection to this factor states, "[i]f Plaintiff was able to trade on-call duties, then he would have been given regular days off and would not have been called in on those days off," and reiterates his allegation that "Plaintiff was required to be immediately available 24 hour per day for months on end."  Docket No. 59 at 11.  Mr. Barnes provides no citation to the record to support these allegations.  Furthermore, he provides no citations to admissible evidence supporting his assertion that he was unable to trade on-call responsibilities in his motion for summary judgment, Docket No. 43 at 5-6, ¶ 15, reply in support of his motion for summary judgment, Docket No. 53 at 8-9, ¶ 23, or response to Omnicell's motion for summary judgment, Docket No. 52 at 9.  Accordingly, the Court will overrule Mr. Barnes' objection to Judge Hegarty's analysis of this factor.

### 6. Whether use of a pager could ease restrictions

Although he ultimately concludes that Mr. Barnes' on-call time "was not spent predominately for his employer's benefit," Judge Hegarty acknowledges that Mr. Barnes' "time on call somewhat restricted his personal activities."  Docket No. 57 at 17.  Judge Hegarty's recommendation concludes that, although Mr. Barnes "testified that he

was restricted in where he could go because of the limitations of cell service, . . . there is no dispute he could continue to troubleshoot remotely within the call-back time frame, and that when he was out of range of service, he had up to an hour to respond." *Id.* at 15. Mr. Barnes appears to object to Judge Hegarty's statement that he had up to an hour to respond to service requests, stating that "[t]he response time required was immediate." Docket No. 59 at 11. However, Mr. Barnes does not support this allegation with any citation to evidence in the record. Accordingly, the Court will overrule Mr. Barnes' objection to Judge Hegarty's analysis of this factor.

### 7. Whether the employee had actually engaged in personal activities during call-in time

As stated above, Judge Hegarty's recommendation states that Mr. Barnes' personal activities were "somewhat restricted," but that the restrictions did not amount to his on-call time being spent predominately for Omnicell's benefit. Docket No. 57 at 17. In reaching this conclusion, Judge Hegarty took into account undisputed facts drawn from Mr. Barnes' testimony that he was not given any specific restrictions on what he could or could not do while on call, that he could do laundry, watch television, have friends over for dinner, or go to movies or dinner while on call, and that he was typically in bed between 8:30 or 9:00 p.m. and would awaken around 8:00 a.m. *Id.* at 15. Mr. Barnes appears to object to Judge Hegarty's conclusion as to this factor on the basis that Mr. Barnes' engagement in personal activities and sleep were interrupted by service calls. Docket No. 59 at 12. However, this objection fails for two reasons. First, Mr. Barnes does not support his allegations with any citations to evidence in the record. Second, Mr. Barnes did not make the argument that interruptions to his sleep and activities rendered his on-call time predominately for Omnicell's benefit in his motion for

23

summary judgment, reply in support of his motion for summary judgment, or response to Omnicell's motion for summary judgment.  Docket Nos. 43, 52, 53.  This argument is waived for that reason.  *See Chater,* 75 F.3d at 1426.  Accordingly, the Court will overrule Mr. Barnes' objection to Judge Hegarty's analysis of this factor.

Mr. Barnes offers no further objections to Judge Hegarty's application of the *Nitzkorski* factors, and he does not challenge Judge Hegarty's conclusion that "[t]he Tenth Circuit has repeatedly held, in circumstances where the employee faced more limited requirements, that the employees' activities were not so curtailed as to require the on-call time to be considered compensable working time."  Docket No. 57 at 15. Thus, the Court will overrule Mr. Barnes' objections to the extent that they respond to Judge Hegarty's application of the *Nitzkorski* factors.

### G.  Non-Objected to Portions of the Recommendation

The Court has reviewed the non-objected to portions of the recommendation to satisfy itself that there is "no clear error on the face of the record."  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the non-objected to portions of the recommendation are a correct application of the facts and the law.

## IV. CONCLUSION

For the reasons detailed above, and upon de novo review, the Court agrees with Judge Hegarty's conclusion that the undisputed facts demonstrate that Omnicell is entitled to summary judgment on Mr. Barnes' claims that Omnicell violated the Fair Labor Standards Act and agency compliance with the Code of Federal Regulations and that Mr. Barnes' motion for summary judgment should be denied.  Accordingly, the

Court will overrule Mr. Barnes' objections and accept Judge Hegarty's recommendation to grant Omnicell's motion for summary judgment and deny Mr. Barnes' motion for summary judgment.  Furthermore, the Court will accept Judge Hegarty's recommendation to decline to exercise jurisdiction over Mr. Barnes' state law claims, which Mr. Barnes did not object to.[13]

Therefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 57] is **ACCEPTED**.  It is further

**ORDERED** that plaintiff Larry Barnes' Objection to Recommendation of United States Magistrate Judge [Docket No. 59] is **OVERRULED**.  It is further

**ORDERED** that plaintiff's Motion for Summary Judgment [Docket No. 43] is **DENIED.**  It is further

**ORDERED** that Defendant Omnicell, Inc.'s Motion for Summary Judgment [Docket No. 45] is **GRANTED**.  It is further

**ORDERED** that this case is closed.

DATED September 25, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[13] Under Colo. Rev. Stat. § 13-80-111, if claims are properly commenced within the statute of limitations and involuntarily dismissed because of lack of jurisdiction, the plaintiff "may commence a new action upon the same cause of action within ninety days after the termination of the original action or within the period otherwise allowed by this article, whichever is later."  *See also Artis v. Dist. of Columbia*, 583 U.S. 71, 74 (2018) (holding that 28 U.S.C. § 1367(d) tolls the statute of limitations for state law claims asserted under § 1367(a) during the pendency of the federal litigation in which such claims are brought and for thirty days following involuntary dismissal of those claims on jurisdictional grounds).