IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01702-PAB-MEH

LARRY L. BARNES,

     Plaintiff,

v.

OMNICELL,

     Defendant.

---

## ORDER

---

This matter comes before the Court on three motions: Plaintiff Larry L. Barnes'
Motion to Vacate Judgment and Reopen Case [Docket No. 80], Plaintiff Larry L. Barnes'
Motion for Leave to Amend Complaint [Docket No. 84], and Defendant Omnicell, Inc.'s
Motion for Leave to File Sur-Reply [Docket No. 87]. Defendant Omnicell filed responses
to both the motion to the vacate and the motion to amend. *See* Docket Nos. 82, 85.
Mr. Barnes filed replies to both of those motions. *See* Docket Nos. 83, 86. The Court
has jurisdiction pursuant to 28 U.S.C. § 1331. Mr. Barnes is proceeding pro se.[1]

### I. BACKGROUND

The Court previously recounted the procedural history of Mr. Barnes's lawsuits
against Omnicell in an order in a different case. *See Barnes v. Omnicell*, No. 24-cv-
00538-PAB-CYC, 2025 WL 815384, at *1-3 (D. Colo. Mar. 14, 2025). The Court will

---

[1] Because Mr. Barnes is proceeding pro se, the Cout will construe his pleadings
liberally without serving as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110(10th Cir.
1991).

repeat that history here, referring to the present action as *Barnes I* and referring to the other action, Case No. 24-cv-00538-PAB-CYC, as *Barnes II*.[2] Mr. Barnes, proceeding pro se, filed suit in *Barnes I* on June 22, 2021. Docket No. 1. Mr. Barnes brought two claims, a claim under the Fair Labor Standards Act of 1938 ("FLSA"), 44 U.S.C. §1507, *et seq.*, and a claim under the Colorado Wage Act ("CWA"), Colo. Rev. Stat. § 8-1-101 *et seq.* Docket No. 1 at 2. The parties filed cross motions for summary judgment in *Barnes I.* Docket No. 43; Docket No. 45. On February 22, 2023, Magistrate Judge Michael Hegarty recommended that the Court grant summary judgment for Omnicell on Mr. Barnes's FLSA claim and that the Court decline to exercise supplemental jurisdiction over Mr. Barnes's remaining state law claim. Docket No. 57 at 17–18. On September 25, 2023, the Court adopted Judge Hegarty's recommendation. Docket No. 68 at 25. The order stated that "the Court will accept Judge Hegarty's recommendation to decline to exercise jurisdiction over Mr. Barnes' state law claims, which Mr. Barnes did not object to." *Id.* The Court entered final judgment on September 25, 2023. Docket No. 69.

Mr. Barnes appealed the Court's order dismissing his FLSA claim. Docket No. 70. On May 28, 2024, the Tenth Circuit affirmed the Court's order dismissing Mr. Barnes's FLSA claim. *Barnes v. Omnicell*, 2024 WL 2744761, at *7 (10th Cir. May 28, 2024). Mr. Barnes did not appeal the Court's decision not to exercise supplemental

---

[2] The Court will refer to filings in this case by the filing's docket number without further description, e.g., Docket No. 1. The Court will refer to filings in *Barnes II* by their docket number and by indicating that the document was filed in *Barnes II*, e.g., *Barnes II*, Docket No. 1.

jurisdiction over his CWA claim, and the Tenth Circuit did not address the jurisdictional basis for Mr. Barnes's claims in federal court. *See id.* at *1–7.

On December 22, 2023, Mr. Barnes refiled his claims in the District Court of Jefferson County, Colorado. *Barnes II*, Docket No. 4 at 2. On February 26, 2024, Omnicell removed *Barnes II* to federal court. *Barnes II*, Docket No. 1. On March 26, 2024, Omnicell filed a motion for judgment on the pleadings. *Barnes II*, Docket No. 19. In that motion, Omnicell argued that the doctrine of claim preclusion barred Mr. Barnes's claims. The Court found that claim preclusion did not bar Mr. Barnes from litigating his CWA claim. *Barnes*, 2025 WL 815384, at *8.

*Barnes II* is still an active case. Nevertheless, Mr. Barnes seeks to reopen *Barnes I* by the Court vacating the judgment and allowing him to amend his complaint. Docket No. 80; Docket No. 84.

## II. ANALYSIS

### A. <u>Motion to Vacate</u>

Mr. Barnes seeks to vacate the judgment and reopen this case pursuant to Federal Rule of Civil Procedure 60(b)(1)–(3) and Rule 60(d)(3). Docket No. 80 at 1. In addition to citing these provisions of Rule 60, Mr. Barnes lists ten reasons to vacate the judgment. *See id.* at 2-5. The Court will first discuss the applicable law for the cited provisions of Rule 60 before considering whether these provisions apply to the issues identified by Mr. Barnes.

Rule 60(b) states, in relevant part, that:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a

new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or
extrinsic), misrepresentation, or misconduct by an opposing party.

Fed. R. Civ. P. 60(b)(1)–(3).  Rule 60(b) relief is "extraordinary and may only be granted

in exceptional circumstances."  *The Servants of the Paraclete v. John Does*, 204 F.3d

1005, 1009 (10th Cir. 2000).  A Rule 60(b) motion is generally an inappropriate vehicle

to advance "new arguments, or supporting facts which were available at the time of the

original motion."  *Id.* at 1012.  Parties seeking relief under Rule 60(b) have a higher

hurdle to overcome because such a motion is not a substitute for an appeal.  *Zurich N.*

*Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005).

In addition to the standards that apply to any Rule 60(b) motion, there are

specific requirements for the relevant subsections of the rule.  Rule 60(b)(1) only

provides for reconsidering a judgment based on mistake or inadvertence when "(1) a

party has made an excusable litigation mistake or an attorney in the litigation has acted

without authority from a party, or (2) where the judge has made a substantive mistake of

law or fact in the final judgment or order."  *Cashner v. Freedom Stores, Inc.*, 98 F.3d

572, 576 (10th Cir. 1996) (citation omitted).  Under Rule 60(b)(2), which provides for

relief in cases of newly discovered evidence, the movant must show that "(1) the

evidence was newly discovered since the trial; (2) [the movant] was diligent in

discovering the new evidence; (3) the newly discovered evidence could not be merely

cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a

new trial with the newly discovered evidence would probably produce a different result."

*Zurich N. Am.*, 426 F.3d at 1290 (alternations and citation omitted).  Under Rule

60(b)(3), which provides for relief in cases of fraud, misrepresentation, or misconduct by

an opposing party, the movant must show by clear and convincing evidence that the

adverse party's fraud misrepresentation, or misconduct substantially interfered with the movant's ability to fully and fairly prepare for and proceed at trial. *Id.*

Rule 60(d)(3), meanwhile, states that Rule 60 "does not limit a court's power to: . . . (3) set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court." *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996) (*quoting Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)). Fraud on the court is construed narrowly because it may permit a party to overturn a judgment long after it has become final. *Id.* at 553 (*citing* Fed. R. Civ. P. 60(b)). "Intent to defraud is an absolute prerequisite to a finding of fraud on the court." *Id.* Like Rule 60(b)(3), the movant must provide clear and convincing evidence of fraud. *See id.* at 552; *United States v. Jones*, 2017 WL 6948642, at *1 (D. Wyo. Feb. 1, 2017).

Mr. Barnes's motion provides a list of ten issues that he believes merit relief under the provisions of Rule 60. *See* Docket No. 80 at 2-5. The Court finds that some of these ten issues are duplicative and will consolidate them into four categories.

### 1. Category One

The first category involves Mr. Barnes's belief that Omnicell falsified text message logs and then lied to cover it up. *See id.* at 2-4, ¶¶ 1, 2, 3, 4, 8, 9.[3] The Court

---

[3] The Court notes that Mr. Barnes has previously alleged that Omnicell deleted or falsified the text message logs, including in Mr. Barnes's objection to the magistrate judge's recommendation. *See* Docket No. 59 at 4. In overruling that portion of Mr. Barnes's objection, the Court found that his objection lacked specificity and that it appeared to take issue not with the recommendation itself but with an underlying piece of evidence. Docket No. 68 at 8-9. The Court noted that "[e]ven if Mr. Barnes' objection that the [relevant evidence] is untruthful was sufficiently specific and responsive to be considered, the Court would still overrule it because Mr. Barnes has failed to address

understands Mr. Barnes's theory to be that Mr. Barnes produced a log of text messages to defendant during discovery, that counsel for defendant altered the data in that log, and that counsel for defendant then submitted that evidence to the Court in support of defendant's motion for summary judgment, representing that the log was complete and unaltered.  *See, e.g.*, *id.* at 3.

The Court interprets Mr. Barnes's motion to assert that this submission of altered or fabricated evidence constitutes fraud on the court that merits relief under Rule 60(b)(3) and Rule 60(d)(3).  However, even if the Court were to assume that the conduct Mr. Barnes alleges is the kind of conduct that would merit relief under Rule 60(b)(3) or Rule 60(d)(3), the Court would still reject this part of the motion because Mr. Barnes's burden is not merely to allege conduct that, if true, would merit relief, but to support his allegations by clear and convincing evidence.  *See Zurich N. Am.*, 426 F.3d at 1290; *see also Weese*, 98 F.3d at 552.  The Court finds that Mr. Barnes has failed to carry this burden.  The exhibits Mr. Barnes attaches to his motion are difficult to follow and do not appear to show any evidence, much less clear and convincing evidence, that there was any deletion and subsequent misrepresentation of evidence in this case.  *See* Docket Nos. 80-1 through 80-13.  The Court therefore rejects the argument that this alleged falsification of evidence is a basis for vacating the judgment.

---

any of the factors that courts in the Tenth Circuit consider when determining whether an affidavit should not be considered because it is an attempt to raise sham facts to evade summary judgment."  *Id.* at 9 n.5.  To the extent that Mr. Barnes seeks to raise this same issue again, the Court finds that a Rule 60 motion is not an appropriate vehicle for re-litigating previous issues and will deny that portion of the motion.  *Cf. Servants of the Paraclete*, 204 F.3d at 1012.  To the extent that Mr. Barnes is raising a new issue, the Court considers that argument in this section of the order.

## 2. Category Two

The second category involves Mr. Barnes's belief that Omnicell's attorneys misrepresented evidence submitted by Mr. Barnes. *See* Docket No. 80 at 4, ¶ 5. For this argument, Mr. Barnes offers only the bare assertion that "Defendant's counsel repeatedly misrepresented evidence submitted by plaintiff. *See* Exhibit A through Exhibit M attached to Exhibit 63."[4] *Id.* Mr. Barnes does not appear to provide any other details regarding this claim, but the Court will construe this assertion as requesting relief under Rule 60(b)(3) for a misrepresentation by an opposing party.

Without more detail regarding the assertion, it is difficult to assess whether Mr. Barnes has raised this argument before. Mr. Barnes's objection to the magistrate judge's recommendation did complain about defendant "object[ing]" to certain of Mr. Barnes's exhibits. *See, e.g.*, Docket No. 59 at 1-2, ¶¶ 1-4. The Court overruled that objection. Docket No. 68 at 3-8. To the extent that Mr. Barnes seeks to relitigate a previously raised and decided issue, the Court rejects this argument as improperly raised in a Rule 60(b) motion. *See Servants of the Paraclete*, 204 F.3d at 1012. To the extent that Mr. Barnes seeks to raise a new argument that defendant's attorneys misrepresented Mr. Barnes's exhibits during the original litigation of this case, Mr. Barnes should have raised that issue at the time it became apparent to him, rather than doing so through a Rule 60 motion. *See Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) ("a Rule 60(b) motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the

---

[4] "Exhibit 63" appears to be the overarching term that Mr. Barnes uses to refer to the thirteen exhibits that he attached to his motion to vacate. *See* Docket Nos. 80-1 through 80-13.

original argument.") (citation omitted). The Court therefore rejects the argument that this alleged misrepresentation of exhibits is a basis for vacating the judgment.

### 3.  Category Three

The third category involves Mr. Barnes's belief that "Defendant's counsel never clearly listed which exhibits they were objecting to" and that this lack of specificity resulted in the magistrate judge making the "clerical mistake" of not considering certain exhibits. *See* Docket No. 80 at 4, ¶¶ 6-7. Whatever concern Mr. Barnes may have with the exhibits that the magistrate judge did or did not consider in making the recommendation, Mr. Barnes failed to raise this concern in his objection to the recommendation. *See* Docket No. 59. Mr. Barnes's failure to object on this ground therefore waives his argument. *See Mbaku v. Bank of Am.*, No. 12-cv-00190-PAB-KLM, 2014 WL 4099313, at *2 n.4 (D. Colo. Aug. 20, 2014) (citing *Soliz v. Chater*, 82 F.3d 373, 375–76 (10th Cir. 1996)). Additionally, to the extent Mr. Barnes intends to raise this argument as a "judicial mistake" under Rule 60(b)(1), such a motion is subject to the same time constraints as an appeal and must be raised within 30 days of the final judgment. *Cashner*, 98 F.3d at 579 n.4. Mr. Barnes's request under Rule 60(b)(1) is therefore untimely. For both the waiver and timeliness issues, the Court rejects the argument that this alleged clerical error is a basis for vacating the judgment.

### 4.  Category Four

The fourth category involves Mr. Barnes's belief that "Defendant's counsel engaged in abusive discovery." *See* Docket No. 80 at 5, ¶ 10. Mr. Barnes describes some of Omnicell's responses to his discovery requests as "essentially boilerplate objections without substantial responses which also the equivalent of no response at all." *Id.* The next sentence of Mr. Barnes's motion invokes a court's ability to

"investigate" fraud under Rule 60(d)(3), *id.*, and therefore the Court will construe this motion as requesting relief pursuant to that rule. Mr. Barnes's motion also appears to seek, in addition to Rule 60(d)(3) relief, some form of sanction for the supposedly abusive litigation practices he alleges. *See id.* at 6. Relief under Rule 60(d)(3) requires a showing, by clear and convincing evidence, of the "most egregious misconduct." *See Weese*, 98 F.3d at 552-53. The kinds of misconduct contemplated by this rule include bribery of a judge or juror or a fabrication of evidence by an attorney. *Id.* Mr. Barnes does not cite, nor is the Court aware of, any authority for the proposition that a discovery violation would rise to this level of misconduct. The Court thus rejects the argument that allegedly inadequate discovery responses are a basis for relief.[5]

Having rejected each of the asserted bases for vacating the judgment, the Court will deny Mr. Barnes's motion to vacate the judgment.

### B. Motion to Amend Complaint

Mr. Barnes seeks leave from the Court to file an amended complaint. Docket No. 84. The Court entered final judgment in this case on September 25, 2023. Docket No. 69. After a court enters final judgment, "it may not entertain motions for leave to amend unless the court first sets aside or vacates the judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Combs v. PriceWaterhouse Coopers LLP*, 382 F.3d 1196, 1205 (10th Cir. 2004). As discussed above, the Court will not vacate the judgment. Thus, the

---

[5] Moreover, Mr. Barnes should have raised his concerns about the adequacy of discovery responses at a much earlier juncture in the case, as such concerns should be addressed before the close of discovery. *Cf. Spacecon Specialty Contractors, LLC v. Bensinger*, No. 09-cv-02080-REB-KLM, 2011 WL 782677, at *3 (D. Colo. Mar. 1, 2011). For this reason, too, the Court rejects Mr. Barnes's request for relief based on alleged discovery violations.

Court cannot consider Mr. Barnes's motion to amend his complaint and will deny his request.

### C. **Motion to File Surreply**

Omnicell requests leave to file a surreply regarding Mr. Barnes's motion to amend his complaint. Docket No. 87. In his reply to the motion to amend, Mr. Barnes asserts that Omnicell took depositions of other people regarding this case and that a person was present at those depositions who purported to be Mr. Barnes's lawyer. Docket No. 86 at 4. Omnicell seeks to file a surreply refuting that allegation. Docket No. 87 at 1-2. Courts may grant leave to file a surreply addressing allegations of misconduct by counsel. *See Marin v. King*, 2013 WL 12330023, at *1 n.2 (D.N.M. June 6, 2013). In this case, however, where the Court will deny the motion to amend on procedural grounds, the Court does not need to consider any other issues raised by the briefs and will therefore deny Omnicell's request.

## III. CONCLUSION

It is therefore

**ORDERED** that Plaintiff Larry L. Barnes's Motion to Vacate Judgment and Reopen Case [Docket No. 80] is **DENIED**. It is further

**ORDERED** that Plaintiff Larry L. Barnes' Motion for Leave to Amend Complaint [Docket No. 84] is **DENIED**. It is further

**ORDERED** that Defendant Omnicell, Inc.'s Motion for Leave to File Sur-Reply

[Docket No. 87] is **DENIED**.


DATED September 3, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge